George Tilzer, J.
This is an article 78 (CPLR) proceeding instituted by petitioner for an order annulling the determination made by respondent New York City Housing Authority barring and otherwise disqualifying petitioner from future bidding on public contracts for a period of five years. Respondent cross-moves, prior to answer, to dismiss the petition on multiple grounds.
The proceeding stems from the refusal of an alleged former officer of petitioner, George Campbell, Jr., to sign a waiver of immunity when called before a Grand Jury of New York County, in its investigation to determine whether the crime of bid-rigging *545 on public contracts, among others, had occurred in New York County.
The petition alleges that George Campbell, Jr., resigned on March 26, 1965, as an officer or director of petitioner, and on or about that date divested himself of his stockholdings. That since that date, he had been employed as an estimator by petitioner, a position which does not entail any management functions. That thereafter, on April 13, 1965 he was served with a subpoena to appear before the Grand Jury on April 14, 1965; that he did appear on said date, but refused to sign a waiver of immunity and was not questioned by the Grand Jury.
Such alleged resignation and divestiture of his stock interest in the corporation by George Campbell, Jr., prior to his refusal to waive immunity, appears to be the basis for this proceeding.
The question for determination is whether the petitioner presents a proper case for an article 78 proceeding. Respondents contend that petitioner has an adequate remedy at law. They rely on section 2601 of the Public Authorities Law, requiring that a clause shall be inserted in all contracts with any public authority created by the State for work or services performed or to be performed or goods sold or to be sold, that upon the refusal of any person when called to testify before a Grand Jury concerning any transaction or contract had with the State, public authority, etc., to sign a waiver of immunity, such person, and any firm, partnership or corporation of which he is a member, partner, director or officer, shall be disqualified from thereafter selling to or submitting bids to or receiving awards from or entering into any contracts with any public authority for goods, work or services for a period of five years after such refusal. The provision, mandated by section 2601, is contained in each of respondent’s contracts with petitioner, under section 38 of the amendments to the General Conditions thereof.
Respondents received a letter from the District Attorney of New York County stating that said George Campbell, Jr., of the petitioner corporation had refused to sign a waiver of immunity before the Grand Jury. Upon receipt of the District Attorney’s letter, the Authority cancelled the painting contracts with petitioner, and disqualified petitioner, as well as said George Campbell, Jr., and any other firm, partnership or corporation of which he is a member, partner, director or officer, from entering into contracts with the Authority for a period of five years. Petitioner was so informed by letter of the Authority. This letter states that such action was taken pursuant to section 38 of the General Conditions of the contracts. Thus respondents argue that the disqualification is pursuant to contract with *546 petitioner and if it was erroneous, petitioner’s remedy is by way of plenary suit based on the contract.
The fact that section 38 of the General Conditions of the contracts was incorporated therein by reason of the mandate of section 2601 of the Public Authorities Law does not make its provisions any the less a purely contractual matter between the Authority and the petitioner. Here it appears that petitioner has a remedy based upon contracts with respondents.
The scheme of the Public Authorities Law provides not one, but two means by which the penalty of disqualification may be invoked against a recalcitrant contractor refusing to co-operate in a Grand Jury investigation involving public contracts. Thus, section 2601 provides for the mandatory contract provision whereby both cancellation and disqualification may be applied as a matter of contractual agreement between a public authority and such contractor. Section 2602, on the other hand, provides a purely statutory basis solely for disqualification even if such contractual provision were nonexistent.
The court is not persuaded that this is a proper case for a proceeding under article 78. It is available only in those situations where there are no other remedies and the conditions surrounding its use are not found in the ordinary plenary suit (Matter of Wilson v. Board of Educ., 276 App. Div. 482).
Accordingly, the application is denied and the cross motion is granted dismissing the petition, without prejudice to a plenary suit.