Per Curiam.

This is a proceeding to nullify a determination of the New York City Housing Authority disqualifying the appellant corporation from bidding on future contracts with the Authority. In addition the appellant seeks an injunction against the Authority’s enforcement of its decision. The disqualification is mandated by section 2601 of the Public Authorities Law since the appellant’s former president appeared before a Grand Jury investigating bid-rigging and refused to sign a waiver of immunity.
We hold that section 2601 of the Public Authorities Law is constitutional (Matter of Gardner v. Broderick, 20 N Y 2d 227, decided herewith) and that the disqualification imposed on the appellant corporation is valid. The fact that the appellant’s officer resigned his position and that the resignation was accepted prior to his appearance before the Grand Jury and his refusal to sign a waiver of immunity is not controlling. Where the termination of the relationship of the individual officer with the corporation occurs almost contemporaneously with his refusal to sign a waiver of immunity or where it is obvious that the resignation was tendered and accepted solely for the purpose of avoiding the statutory disqualification, the person so resigning or otherwise departing shall be deemed to have acted in his capacity as a corporate officer when he refused to sign the waiver.
There may be times when the statute will operate to penalize a corporation which had severed its connection with the recalcitrant officer and which has otherwise been co-operative. The Legislature has, however, recognized this problem and has spoci *377 fled a procedure by which the disqualification can be removed under such circumstances. (Public Authorities Law, § 2603.) The appellant’s exclusive remedy is the procedure outlined in that statute.
The orders of the Appellate Division should be affirmed, with costs.
Chief Judge Fuld and Judges Van Voorhis, Burke, Scileppi, Bergan and Keating concur; Judge Breitel taking no part.
Orders affirmed.