■ CHARLES GROSS et al., Appellants-Respondents, v NEWBURGER, LOEB & Co., INC., et al., Respondents, and ROBERT MUH et al., Respondents-Appellants. — In an action, *inter alia,* to recover damages for conversion, plaintiffs appeal, and defendants Muh and Sloane cross-appeal, from stated portions of an order of the Supreme Court, Nassau County (Burstein, J.), dated April 30, 1980, which, *inter alia,* dismissed the second and third causes of action as to certain defendants. Order modified by deleting paragraphs numbered "2", "3" and "6", and substituting therefor a provision denying the motions for summary judgment as to the second and third causes of action. As so modified, order affirmed insofar as appealed from, with one bill of $50 costs and disbursements to plaintiffs payable jointly by defendants appearing separately and filing separate briefs. Plaintiffs commenced this action alleging, *inter alia,* the conversion of certain stock warrants and securities (the second cause of action) and malicious interference with an employment opportunity (the third cause of action). The present lawsuit had its genesis in a prior Federal action (*Newburger, Loeb & Co. v Gross*, 71 Civ 685), commenced in February, 1971 by the stockbrokerage firm of Newburger, Loeb & Co., Inc. (the corporation) against Charles Gross, Mabel Bleich, Jeanne Donoghue and Gross & Co. (the Federal defendants). In the Federal action, the corporation, as assignee of David and Mary Buckley, charged that the defendants therein were guilty of "churning" the account the Buckleys had with Gross & Co. The Federal defendants counterclaimed against the corporation and brought into the Federal action as counterclaim defendant Newburger, Loeb & Co. (the partnership) and all the other defendants named in the present action. Thus, the present plaintiffs were defendants in the Federal action and the present defendants are the corporation (plaintiff in the Federal action) and all the additional counterclaim defendants (except for three not of concern here). The corporation's "churning" claim and the six other claims it interposed against the Federal defendants were dismissed on the merits by the District Court, at the close of a seven-week trial. That dismissal was affirmed on appeal on August 24, 1977 (563 F2d 1057, affg in part and revg and remanding in part 71 Civ 685). Of the nine counterclaims interposed by the Federal defendants, judgment in their favor on three was affirmed and, as here relevant, dismissal of the eighth counterclaim was also affirmed. A decision in favor of Gross on the third counterclaim was reversed with instructions to dismiss it upon the remand. The purpose of the remand was to re-evaluate damages on the three counterclaims decided in favor of the Federal defendants. Dismissal of both the third and eighth counterclaims was based on lack of subject matter jurisdiction. (We note that, in fact, the judgment of the District Court had dismissed the third counterclaim, but damages were awarded on the claim nonetheless.) Gross' third Federal counterclaim is the present second cause of action for conversion, although, as will be discussed below, the subject matter underlying this claim was also considered by the Federal courts as an element of the damages assessed for the three counterclaims upon which the Federal defendants had judgment in their favor. The eighth Federal counterclaim, asserted on behalf of Gross, is the present third cause of action. Following joinder of issue in the

present action, various defendants moved for summary judgment on the second and third causes of action on the ground that the actions were time barred. Defendants Muh and Sloane asserted, in addition, that, as to them, the second cause of action was also barred by the doctrines of *res judicata* and collateral estoppel. No issue is before this court with respect to the branches of the motions which sought dismissal of the first cause of action. The motions for summary judgment that were brought by separate groups of defendants are treated as though they were one motion. On the third cause of action, Special Term granted summary judgment on *Statute of Limitations grounds to all defendants* (except two who had defaulted, defendants Tarnoff and Frank, as executors of the Estate of Ned B. Frank). On the second cause of action, summary judgment on the same ground was granted to certain of the defendants and denied as to others, depending upon whether a defendant had been served within six months of the date of the denial of plaintiffs' writ of certiorari to the United States Supreme Court (434 US 1035). Special Term rejected the *res judicata* and collateral estoppel argument of defendants Muh and Sloane (*Gross v Newburger, Loeb & Co.,* 103 Misc 2d 417). Plaintiffs contend on appeal that both causes of action are timely as to all defendants. First, they argue that CPLR 203 (subd [d]) is the applicable provision by which to measure the time periods for interposition of the second and third causes of action and that CPLR 205 (subd [a]) should not have been used by Special Term. Second, even under the latter section, both causes of action are timely inasmuch as (a) the Federal action was not terminated until entry of the final amended judgment after November, 1979, and (b) the claim for conversion of the securities was still being litigated at the time the present action was commenced. We agree that CPLR 203 (subd [d]) is applicable to both the second and third causes of action and that the second cause of action is also timely when CPLR 205 (subd [a]) is used to measure the limitation of that claim. The counterclaims in the Federal action were dismissed for lack of subject matter jurisdiction, and the dismissal was affirmed on appeal, when the claims were held not to be related to the Federal cause of action asserted by the Federal plaintiff (now a State defendant). We view this form of dismissal as bringing the counterclaims of the Federal defendants within the purview of CPLR 203 (subd [d]), which provides, in pertinent part, that "[w]here a defendant has served an answer containing a defense or counterclaim and the action is terminated because of the plaintiff's death or by dismissal or voluntary discontinuance, the time which elapsed between the commencement and termination of the action is not a part of the time within which an action must be commenced to recover upon the claim in the defense or counterclaim". Accordingly, both the second and third causes of action are timely. The second cause of action is also timely pursuant to CPLR 205 (subd [a]). Although the Court of Appeals for the Second Circuit expressly dismissed the counterclaim for conversion for lack of subject matter jurisdiction (563 F2d 1057, 1061, 1073, *supra*), it nonetheless continued to consider the issue of the stock warrants, which are the *sine qua non* of the conversion claim. It directed the District Court, upon the remand, to determine "whether the value of the warrants should be included in determining defendants' [the present plaintiffs'] capital interests in the Partnership" (563 F2d, at p 1081, n 27). And, in its decision on the appeal from the remand, rendered November 19, 1979 (611 F2d 423, 431-432), the court began its discussion of the District Court's consideration of that issue by stating: "We now return to the question of whether *Gross can be compensated in this action for the conversion of his stock warrants.*" The consideration of the stock warrants by the Federal courts (both in the unreported decision of the District Court upon the remand and in the decision on the appeal therefrom) makes it clear that the subject matter of the present conversion claim was under review until November, 1979. What-

ever the Circuit Court of Appeals may have intended by its dismissal of the third counterclaim for conversion qua conversion, the result of its direction as to the stock warrants upon the remand was to conceive a twin "conversion claim" that was not dismissed. If the District Court, upon the remand, had, for example, determined that the stock warrants were an asset of the partnership, the warrants could then presumably have been transferred to the corporation without incurring a basis for an action in conversion. At the least, such a determination would have been asserted to estop the present conversion claim. Clearly the subject matter underlying the second cause of action was not finally determined until the time of the decision on the appeal from the remand. The second cause of action is, therefore, timely under CPLR 205 (subd [a]). "[It] rests upon the same general allegations and operative facts as the previous action [i.e., the consideration of the stock warrants as part of the partnership assets]; the subject matter is the same; the apparati and items pertaining thereto are the same" (see *Kavanau v Virtis Co.*, 32 AD2d 754, 755; see, also, CPLR 205, subd [a]; *Titus v Poole*, 145 NY 414). Since the defendants-respondents were served with process between June 21, 1978 and October 13, 1978, both causes of action are timely pursuant to CPLR 203 (subd [d]) and the second cause of action is timely as well under CPLR 205 (subd [a]) (cf. *Cohoes Housing Auth. v Ippolito-Lutz, Inc.*, 49 NY2d 961). The cross-appellants contend that the unappealed finding by the District Court that they were not liable to Gross for conversion serves as a bar to the present second cause of action. The contention has no merit. Whatever determination was made by the District Court as to Muh and Sloane related to a paragraph of the judgment that was deleted by the Circuit Court of Appeals upon determination of the appeal to it. In light of the appellate determination, reliance by Muh and Sloane on the District Court's finding is misplaced. Hopkins, J. P., Mangano, Rabin and Cohalan, JJ., concur.