■ In the Matter of ESTELLE WATTENMAKER, Appellant, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered April 16, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to require respondent (1) to publish and make available to petitioner a reasonably detailed listing by subject matter of its final opinions, and (2) to conduct a search of its records and produce all documents in its possession, including final hearing decisions referring, reflecting or relating to an applicant's deadline for changing a retirement option. Petitioner, a member of the New York State Employees' Retirement System (System), retired on August 4, 1980 and filed with the System a "Retirement Option Election Form", in which she selected Option 1/2. The form advised, "You cannot change your option election after the first retirement check is *normally due*" (emphasis added). Thereafter, petitioner sought to change her selection to Option 1. She was informed by letter that her attempt to change was too late. Petitioner then requested and was granted a hearing. During pendency of the hearing her attorney made a request of the System pursuant to the Freedom of Information Law (Public Officers Law, art 6) concerning the words "normally due" as used in subdivision b of section 90 of the Retirement and Social Security Law. In response, the System informed her attorney that it did not have a "listing" of materials referring or relating to the words "normally due" but had a filing method which listed opinions under specific statutory sections of the Retirement and Social Security Law. The System also informed him of the decisions found in the files under subdivision b of section 90 of the law. Further, he was advised that the System maintained an index by "legal issues" described as summaries of administrative hearing decisions consisting of four drawers of individual 3″ × 5″ index cards numbering in the hundreds. The attorney was invited to visit the System's offices to use these files. After an "appeal" by petitioner was rejected, petitioner commenced this article 78 proceeding to compel the System to create a detailed listing by subject matter of its final opinions and to compel the System to conduct a search of its records and produce all documents referring, reflecting or relating to a retirement applicant's deadline for changing a retirement option. Special Term, in dismissing the petition, found that respondent, in accord with the mandates of section 87 (subd 3, par [c]) of the Public Officers Law, maintains a "reasonably detailed current list by subject matter, of all records in the possession of the agency", that the law does not require respondent "to categorize these subject matters into subcategories as requested by petitioner", and that, although respondent must make its records available to the public (unless exempt or privileged for some reason) it "does not * * * have to perform petitioner's research and investigation". This appeal ensued. There should be an affirmance. Petitioner's argument that the law requires the System, in effect, to reorganize its method of recordkeeping and to provide all references anywhere in the System's records referring to the phrase "normally due" found in section 90 of the Retirement and Social Security Law, is not persuasive. The System's method of record keeping is a reasonable one and the law does not require more (*Matter of Gannett Co. v James,* 86 AD2d 744). Nor is the System required to prepare records not in existence for the convenience of petitioner in these circumstances (*Matter of Gannett Co. v County of Monroe,* 59 AD2d 309;

*Matter of D'Alessandro v Unemployment Ins. Appeal Bd.*, 56 AD2d 762). We find that petitioner's other contentions are also without merit. Judgment affirmed, without costs. Sweeney, J. P., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.