■ In the Matter of DONALD SCHANBARGER, Appellant, v NEW YORK STATE COMMISSIONER OF SOCIAL SERVICES et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered June 2, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Commissioner of Social Services. On October 28, 1982, this court affirmed a judgment, entered in Albany County on March 24, 1982, which dismissed the petition brought to review a determination of the State Commissioner of Social Services denying petitioner social services benefits (90 AD2d 665). This dismissal, pursuant to CPLR 7804 (subd [c]), was based on petitioner's failure to serve the Attorney-General. Leave to appeal to the Court of Appeals was denied (58 NY2d 603). On or about January 4, 1983, petitioner commenced the instant proceeding, again seeking to review the original determination of the State Commissioner of Social Services, who, after a fair hearing, had affirmed the decision of the Washington County Department of Social Services denying petitioner benefits for his failure to demonstrate residency in the county. The application was duly served on the Attorney-General, who was named a respondent. Respondents moved, in point of law and before answering, to dismiss the proceeding, and their motion was granted by Special Term on January 28, 1983. Special Term based its dismissal in regard to the first cause of action, which attacked the merits of the determination, on *res judicata* and untimeliness, and as to the other causes of action on their failure to set forth facts from which any relief could be granted. The second cause of action demanded declaratory relief, and the remaining causes were directed toward the commissioner's refusal to grant access to all copies of fair hearing decisions made by the commissioner since January 1, 1980 and sought access to certain eligibility manuals and a "State Plan". Petitioner had been informed by letter that in 1980 alone, the State Department of Social Services issued 64,797 decisions and that the cost of photocopying one page thereof was 25 cents. He had also been informed by letter that the records were available for his inspection and examination at the State Department Office of the Commissioner on business days between 8:30 A.M. and 5:00 P.M., upon receipt of his request stating the time and date that he desired an in-

spection. Since the first proceeding was dismissed only because petitioner failed to serve the Attorney-General, it cannot be considered a nullity, the Commissioner of Social Services having been properly and timely served (*Matter of Chem-Trol Pollution Servs. v Ingraham,* 42 AD2d 192, mot for lv to app den 33 NY2d 516). This termination of petitioner's first proceeding, which occurred on the date of this court's determination of the appeal (see *Gross v Newburger Loeb & Co.,* 103 Misc 2d 417, 423, mod 85 AD2d 709), effectively extended petitioner's time in which to commence a new proceeding by six months (CPLR 205, subd [a]; *Matter of Day Surgicals v State Tax Comm.,* 97 AD2d 865), which he did on January 4, 1983. Therefore, Special Term erred in dismissing the first cause of action in the instant proceeding for untimeliness. Furthermore, since the merits of petitioner's prior application were not considered by Special Term or this court, the instant proceeding can hardly be said to be barred because of *res judicata.* However, Special Term correctly dismissed the second cause of action, which sought declaratory relief. Declaratory relief is patently inappropriate in these circumstances. Likewise, the remaining causes of action were properly dismissed since respondent commissioner rationally and reasonably complied with subdivision 3 of section 89 of the Public Officers Law by offering to make the voluminous records sought available to petitioner in the manner and at the times that he did (see 18 NYCRR 340.5). The judgment of Special Term should, therefore, be modified by reversing so much thereof as dismissed petitioner's first cause of action and reinstating that cause of action, and the matter should be remitted to Special Term to permit respondents to answer the petition upon such terms as shall be deemed just (CPLR 7804, subd [f]). Judgment modified, on the law, by reversing so much thereof as dismissed the first cause of action alleged in the petition and reinstating that cause of action, matter remitted to Special Term for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.