■ In the Matter of DONALD SCHANBARGER, Appellant, v NEW YORK STATE COMMISSIONER OF SOCIAL SERVICES et al., Respondents. — Mikoll, J. Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered October 26, 1984 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent State Commissioner of Social Services denying petitioner public assistance.

This appeal brings upon again for review petitioner's attempt to annul a determination of respondent State Commissioner of Social Services which, after a fair hearing, affirmed a decision of the Washington County Department of Social Services denying petitioner benefits because of his failure to establish residence in the county. In an earlier decision, it was held that Special Term initially erred in dismissing this cause of action from the petition because of untimeliness and res judicata (99 AD2d 621, 622, *lv dismissed* 62 NY2d 942). Upon remittal, Special Term found that petitioner had not raised the issue of substantial evidence thereby waiving the issue (*see, Matter of Curry v Blum,* 73 AD2d 965), and that petitioner in fact had failed to establish residency in the county, a necessary condition of eligibility.

Further, Special Term ruled that it was not arbitrary or contrary to law for the fair hearing adjudicator to decline consideration of the issue of access to certain records of the Washington County Department of Social Services on jurisdictional grounds. Additionally, Special Term affirmed the fair hearing decision of July 28, 1981. This appeal by petitioner ensued.

There should be an affirmance. Petitioner had the burden of proving residency in Washington County as a condition to eligibility for welfare benefits and failed to do so. Petitioner's claim that he was improperly denied review of every fair hearing decision is not reviewable through the vehicle of a departmental fair hearing.

Petitioner's application for public assistance for only himself was denied when petitioner claimed he had no address in Washington County. A caseworker advised him that he should contact the County Department of Social Services with his address, even if temporary, and that a public assistance appointment would be scheduled for him. The fair hearing summary indicates that petitioner was informed several times that no application for public assistance could be processed and that no assistance could be granted when an individual had no address in the county. When petitioner again appeared at the agency on June 29, 1981, he was again asked where he was living, to which he replied, "Where I'm at."

An applicant or recipient of public assistance has the burden of establishing every aspect of eligibility (*Matter of Gilbert v Blum*, 90 AD2d 288, 290, *appeal dismissed* 59 NY2d 760; *see, Lavine v Milne*, 424 US 577). Departmental regulations (18 NYCRR 351.1 [b] [2] [ii]) provide that an applicant for public assistance has an initial and continuing responsibility to "furnish evidence to provide verification of those factors which affect eligibility and the amount of entitlement including * * * (b) residence * * * [and] (d) rent payment or cost of shelter". Clearly, petitioner failed to establish eligibility because he did not establish residency in Washington County.

Administrative fair hearings are regulated by the provisions of Social Services Law § 22. Nowhere is it provided that the refusal to make fair hearing decisions or departmental regulations available to an applicant for relief is reviewable in an administrative fair hearing. Moreover, this court, in its prior decision (99 AD2d 621, *supra*), effectively disposed of the issue of whether petitioner was improperly denied access to review and inspect every fair hearing decision.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll and Yesawich, Jr., JJ., concur.