■ STATE OF NEW YORK, Plaintiff, v KING SERVICE, INC., Appellant, and MINTZER PETROLEUM CORPORATION et al., Respondents, et al., Defendants.—Weiss, J. Appeal from an order of the Supreme Court (McDermott, J.), entered January 9, 1990 in Albany County, which, inter alia, granted the motions of defendants Mintzer Petroleum Corporation and Hanover Insurance Company to dismiss the cross claims against them for lack of jurisdiction and failure to state a cause of action.

Plaintiff commenced this action in December 1988 pursuant to Navigation Law article 12 to recover the cost of containment and cleanup of contamination caused by the discharge of gasoline in April 1983 from the storage system of a service station at 15th and Hutton Streets in the City of Troy, Rensselaer County. The complaint also seeks statutory penalties. In 1983, defendant King Service, Inc. was the owner of the service station and defendant Fireman's Fund Insurance Companies was King's comprehensive general liability insurance carrier. In its answer, King set forth cross claims denominated "third", "fourth" and "fifth" against defendant Mintzer Petroleum Corporation alleging that Mintzer was the owner of the service station prior to March 13, 1981 when it was sold to King. The cross claims allege fraud and misrepresentation in the sale and that consequently Mintzer was the discharger and the person liable for the cleanup costs. Cross claims "eleventh" and "twelfth" sought recovery against defendant Hanover Insurance Company as Mintzer's general liability

insurance carrier.[1] The remaining cross claims relate to defendants who are not parties to this appeal.

Mintzer moved to dismiss all of the cross claims against it on the ground that the court lacked jurisdiction because of improper service and the failure to state a cognizable cause of action against Mintzer under the Navigation Law. Hanover cross-moved to dismiss King's "eleventh" and "twelfth" cross claims on the grounds that (1) no cognizable private cause of action exists in favor of King against Hanover under Navigation Law article 12, (2) any such private cause of action would be time barred, and (3) any cross claims did not lie against Hanover because it had not been named as a party in the action (see, CPLR 3219). Supreme Court denied dismissal for improper cross claim procedure but granted dismissal of the claims against Mintzer for lack of personal jurisdiction, without prejudice, except that the "fifth" cross claim against Mintzer was also dismissed for failure to state a cause of action. The court also granted Hanover's motion to dismiss the "eleventh" and "twelfth" cross claims for failure to state a cause of action. In all other respects, the motion and cross motion were denied. Only King has appealed.[2]

We first address King's contention that Supreme Court erred in dismissing its "fifth" cross claim against Mintzer because it found that King was the discharger. King urges that the discharge occurred or began prior to its 1981 purchase of the site at the time when Mintzer was still the owner and that Mintzer should be held liable to plaintiff as the discharger. While this might very well be true, the "fifth" cross claim fails to state a cause of action. King's liability to plaintiff for cleanup costs and penalties is in the first instance predicated on King's own status as a discharger. It follows that if King was indeed the discharger, Navigation Law § 181 (1) by its very terms subjects King to strict liability and, as Supreme Court correctly held, does not afford to King any remedy or third-party defense under that statute against

---

1. King obtained an order from Supreme Court dated March 2, 1989 permitting service of the summons and answer containing claims referred to as cross claims by certified mail pursuant to CPLR 308 (5) upon Mintzer, Hanover, defendant Ray Hart and defendant Reliance Insurance Company. The claims are in the nature of third-party claims and are treated as such (see, CPLR 103 [c]; 3026).

2. With respect to Mintzer, King does not appeal from that portion of the order finding no personal jurisdiction, appealing only that part of the order that went beyond said issue, dismissing the "fifth" cross claim on the merits. We reach the merits of this claim in the interest of judicial economy because King has brought this appeal.

Mintzer *(see, Merrill Transp. Co. v State of New York,* 94 AD2d 39, 40-42, *lv denied* 60 NY2d 555). Moreover, King has no standing to prosecute plaintiff's claim against Mintzer. King's remedies lie with its direct claims against Mintzer for property damage, fraud, indemnification and contribution predicated upon Mintzer's liability as a discharger. Thus, the "fifth" cross claim was properly dismissed.

Nor do we find error in the dismissal of the "eleventh" cross claim against Hanover. Because this cross claim is predicated upon the finding that King as well as Mintzer was the discharger, Supreme Court correctly held that this cross claim fails to state a cause of action against Mintzer's insurance carrier. Navigation Law § 190 provides that costs of cleanup incurred by plaintiff and claims for damages by an injured person may be brought directly against the insurer. It does not, nor may any interpretation of the statute be so tortured, hold that another discharger (King) may in a direct action require the insurer of an associated discharger (Mintzer) to pay cleanup costs to plaintiff *(see, Domermuth Petroleum & Equip. & Maintenance Corp. v Gorman Bros.,* 127 Misc 2d 323).

Finally, while the "twelfth" cross claim may properly state a cause of action pursuant to Navigation Law § 190 for King's direct damages, it is clearly untimely as its underlying nature was to recover for injury to property *(see,* CPLR 214 [4]) and was properly dismissed.[3]

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

---

3. Hanover, in moving to dismiss upon a failure to state a cause of action, also sought dismissal of the claim as untimely which issue was not reached by Supreme Court.