■ BUSY BEE FOOD STORES, Appellant, v WCC TANK LINING TECHNOLOGY, INC., Formerly Known as I.D.C. TANK LINING, INC., Respondent. [609 NYS2d 118] —Cardona, P. J. Appeal from an order of the Supreme Court (Mugglin, J.), entered March 16, 1993 in Otsego County, which denied plaintiff's motion for leave to amend its second amended complaint.

In 1986 plaintiff contracted with defendant for the preventative maintenance of several of plaintiff's underground gasoline storage tanks located in upstate New York. In September 1986 defendant re-lined two of plaintiff's underground tanks in the community of Apalachin in Tioga County (hereinafter the Apalachin facility) and performed other work in relation to leak prevention. After plaintiff filled the tanks they began to leak. Before defendant was able to repair the leak, however, approximately 2,000 gallons of petroleum were lost. As a result of this discharge (at the insistence of the Department of Environmental Conservation), plaintiff was required to clean up the property at its Apalachin facility and sustained damages.

Plaintiff commenced this action alleging negligence, breach of contract, and breach of implied and express warranties. Plaintiff amended its complaint twice. Thereafter, plaintiff moved for leave to serve a third amended complaint to add a cause of action based upon defendant's strict liability as a discharger of petroleum pursuant to Navigation Law § 181 (5).* Finding that defendant was not a "discharger" under the statute, Supreme Court denied the motion. Plaintiff appeals.

We affirm, though not on the theory relied upon by Supreme Court *(see, State of New York v Peerless Ins. Co.,* 117 AD2d 370, 373). As an owner of the system from which the discharge occurred, plaintiff is itself a discharger of petroleum *(see,* Navigation Law § 181 [1]; *Matter of White v Regan,* 171 AD2d 197, 199-200, *lv denied* 79 NY2d 754). Assuming, without deciding, that defendant is also liable as a discharger under Navigation Law § 181, we nevertheless hold that plaintiff cannot assert a private right of action against defendant because of its status as a discharger. Because Navigation Law § 181 (1) subjects plaintiff to strict liability, it has no remedy under the statute against another discharger *(see, State of New York v King Serv.,* 167 AD2d 777, 778-779). Plaintiff's remedies lie with its direct claims against defendant "predicated upon [defendant's common-law] liability as a discharger" *(supra,* at 779).

Because plaintiff's proposed amendment plainly lacks merit *(see, Taylor v Dyer,* 190 AD2d 902, 904; *Ramundo v Town of Guilderland,* 108 AD2d 995, 996), Supreme Court properly denied it.

Mercure, White, Casey and Weiss, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Navigation Law § 181 (5) provides in relevant part that "[a]ny claim by any injured person for the costs of cleanup and removal and direct and indirect damages based on the strict liability imposed by this section may be brought directly against the person who has discharged the petroleum".