■ DAVID R. WHITE, Appellant-Respondent, v ROBERT LONG, Respondent-Appellant. [612 NYS2d 482] —Peters, J. Cross appeals from an order of the Supreme Court (Kahn, J.), entered January 27, 1993 in Albany County, which, *inter alia,* denied plaintiff's motion for summary judgment and partially granted defendant's cross motion for summary judgment dismissing the complaint.

Defendant owned and operated a preexisting gasoline station at 274 Delaware Avenue in the City of Albany (hereinafter the property) from December 1984 until March 1988. Defendant contends that throughout his ownership of the property, he used and was aware of six underground storage tanks thereon. In August 1987 defendant contracted to sell the property to Midstate Enterprises, Inc., a corporation owned by plaintiff which later assigned this contract to him. Plaintiff intended to construct and operate a Kentucky Fried Chicken franchise on this site. It is uncontested that the sale was contingent upon, *inter alia,* "a favorable ground analysis testing to certify that the area is free from any and all pollutants and contaminants".

Prior to closing, plaintiff arranged for the testing of pollutants by Groundwater Technology, Inc. (hereinafter Groundwater), which reported its findings to plaintiff in October 1987. Finding aromatic hydrocarbons, Groundwater reported this information to the Department of Environmental Conservation (hereinafter DEC), as required by law, and informed plaintiff that DEC would not require remediation of the subsurface. Understanding this to mean that no contaminated soil would need to be removed from the property, plaintiff waived the contingencies to the contract and bought the property by deed dated March 2, 1988. At the closing, defendant delivered the deed to the property which contained a warranty of quiet enjoyment.

After the closing, plaintiff began to prepare the site for construction and found during excavation an additional underground storage tank not previously disclosed, which had contaminated soil in its vicinity due to leakage. DEC required remediation of the subsurface around this tank.

Plaintiff commenced this action against defendant for damages based upon negligence, strict liability under Navigation Law § 181 and breach of the warranty of quiet enjoyment. Plaintiff subsequently moved for summary judgment and alternatively for permission to add a cause of action based upon breach of contract. Defendant cross-moved for summary judg-

ment dismissing the complaint. Supreme Court, *inter alia,* denied plaintiff's motion for summary judgment, partially granted defendant's cross motion for summary judgment dismissing the negligence and the covenant of quiet enjoyment causes of action, and granted leave to plaintiff to amend the complaint to add a cause of action for breach of contract. Both parties appeal.

Plaintiff contends that defendant's failure to comply with four different regulations and one statutory mandate regarding the monitoring and testing of underground tanks caused him to incur the cost of remediation and that such failure constitutes negligence per se. Even assuming the facts stated by plaintiff to be true, we find that plaintiff failed to submit sufficient credible evidence that defendant knew of the undisclosed underground storage tank to raise a triable issue of fact. Without such knowledge, we find that there can be no willful violation sufficient to find that defendant's failure to obey the statutes regarding this tank constitutes negligence per se *(see, Martin v Herzog,* 228 NY 164, 169). Moreover, with respect to the allegations concerning violations of regulatory provisions, we find that "[t]he violation of a rule of an administrative agency lacking the force and effect of a substantive legislative enactment does not establish negligence per se, but is simply some evidence of negligence" (79 NY Jur 2d, Negligence, § 69, at 402).

Addressing next the common-law negligence claims, we again conclude that it is "necessary that the person charged with negligence [have] notice or knowledge of the condition to be held liable" (1A Warren, Negligence in the New York Courts, Actionable Negligence, § 9.01, at 397 [3d ed]; *see also, Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, 249-250, *affd* 64 NY2d 670). Hence, due to the absence of a showing that defendant had notice or knowledge of this underground storage tank, we find that Supreme Court properly dismissed all of the negligence causes of action.

Reviewing the denial of summary judgment on the cause of action alleging a violation of Navigation Law § 181, we find that following our recent decision in *Busy Bee Food Stores v WCC Tank Lining Technology* (202 AD2d 898), plaintiff cannot assert a private right of action against defendant because of his status as a discharger *(see, Matter of White v Regan,* 171 AD2d 197, *lv denied* 79 NY2d 754). Accordingly, we find that defendant's cross motion for summary judgment dismissing this cause of action should be granted.

Addressing next the dismissal of the cause of action based

on the warranty of quiet enjoyment in the deed, we note that "the covenant for quiet enjoyment can be broken only by an eviction, actual or constructive, from the premises conveyed, or some portion thereof" *(Scriver v Smith,* 100 NY 471, 477). Constructive eviction may be found where there is a servitude which substantially impairs the value of the property and use or enjoyment thereof *(supra,* at 477). Although we found the existence of a servitude in *Rajchandra Corp. v Tom Sawyer Motor Inns* (106 AD2d 798), the facts herein are significantly different, as was noted by Supreme Court in dismissing this cause of action.

Finally, addressing the allegations regarding a breach of contract, it is well settled that a real property sales contract merges with the deed *(see, Schoonmaker v Hoyt,* 148 NY 425) except for those provisions which concern collateral matters, which cannot be performed until after conveyance or where the parties have expressed their intention that such provision shall survive delivery of the deed *(see,* 1A Warren's Weed, New York Real Property, Contracts, § 20.01 *et seq.;* 3 Warren's Weed, New York Real Property, Merger, § 3.01 *et seq.* [4th ed]; *see also, Suffolk Bus. Ctr. v Applied Digital Data Sys.,* 78 NY2d 383, 387). We find none of those conditions present in the instant action to preclude merger. Furthermore, because plaintiff relied on the results of testing by its independent contractor and based thereon he waived all contingencies in the contract, we find that no contractual cause of action survived delivery of the deed. Accordingly, plaintiff is now precluded from alleging a breach of contract cause of action *(cf., Caceci v Di Canio Constr. Corp.,* 72 NY2d 52).

Cardona, P. J., White, Casey and Weiss, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as granted that part of plaintiff's motion seeking to add a cause of action for breach of contract and denied that part of defendant's cross motion seeking summary judgment dismissing the cause of action for strict liability based on Navigation Law § 181; motion denied to that extent and cross motion granted to that extent; and, as so modified, affirmed.