■ RACE OIL CORPORATION et al., Respondents, v PAULA EASTMAN, Defendant, and H.G. ANDERSON EQUIPMENT CORPORATION, Appellant. [623 NYS2d 964] —Peters, J. Appeal from an order of the Supreme Court (Dier, J.), entered March 31, 1994 in Washington County, which granted plaintiffs' motion for leave to serve an amended complaint.

Plaintiffs commenced this action to cover the cost of cleaning a petroleum discharge which occurred on or about February 3, 1987 at a service station owned by plaintiff Race Oil Corporation in the Town of Salem, Washington County. After defendant Paula Eastman drove into a gas pump located on the premises, Race Oil retained defendant H.G. Anderson Equipment Corporation (hereinafter Anderson) to repair the pump. Plaintiffs allege that Anderson was negligent in performing such services since it failed to prevent gasoline from leaking from the underground lines connected to the pump into the ground and groundwater of properties belonging to Race Oil and its immediate neighbors. Plaintiffs asserted a cause of action in negligence against Eastman and causes of action in negligence and breach of warranty against Anderson.

After joinder of issue and completion of discovery, plaintiffs sought leave to serve an amended complaint asserting a claim for strict liability against Anderson pursuant to the provisions of Navigation Law § 181 (5). Supreme Court granted such relief, relying on this Court's decision in *Wheeler v National School Bus Serv.* (193 AD2d 998). Anderson appeals. We reverse.

It is uncontested that Race Oil is a "discharger" within the meaning of Navigation Law § 181 (1) and, therefore, pursuant to our decision in *Busy Bee Food Stores v WCC Tank Lining Technology* (202 AD2d 898, 899, *lv dismissed* 83 NY2d 953), may not assert a private right of action against another alleged discharger. As we stated in *Busy Bee,* Navigation Law

§ 181 (1) subjects a discharger to strict liability and, accordingly, does not afford it a remedy under such statute against another alleged discharger *(supra,* at 899; *see, White v Long,* 204 AD2d 892, *lv dismissed in part, granted in part* 84 NY2d 905; *Matter of White v Regan,* 171 AD2d 197, *lv denied* 79 NY2d 754). "Plaintiff's remedies lie with its direct claims against defendant 'predicated upon [defendant's common-law] liability as a discharger' " *(Busy Bee Food Stores v WCC Tank Lining Technology, supra,* at 899, quoting *State of New York v King Serv.,* 167 AD2d 777, 779).

Hence, with the amendment lacking in merit *(see, Taylor v Dyer,* 190 AD2d 902), we reverse Supreme Court's order granting plaintiffs' motion for leave to amend the complaint.

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.