OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The courts below properly held that petitioner’s CPLR article 78 proceeding to annul and vacate an environmental lien on petitioner’s land in Dutchess County, filed pursuant to Navigation Law § 181-a, should be dismissed on the ground that another adequate remedy at law was available.
At all relevant times, the subject property was operated as a gasoline station. In a 1993 agreement with petitioner, a third party leased the station and purchased the pumps, fuel lines, tanks and related fixtures for operation of the station. In 1994, the State Department of Environmental Conservation notified petitioner that a petroleum discharge had occurred at its property and that petitioner was liable for the clean-up and removal of the discharge under Navigation Law § 181. When petitioner failed to undertake the clean-up, the State Environmental Protection and Spill Compensation Fund expended over $143,000 in clean-up and removal costs. Thereafter, the Fund filed the environmental lien against petitioner’s property for those expenditures, and the State commenced a plenary action for reimbursement, pursuant to Navigation Law § 181.
Petitioner brought this CPLR article 78 proceeding to vacate and annul the lien. Its contention was that, having transferred *832 all control of the contaminated property as well as ownership of the tanks, pumps and remaining fixtures of the gasoline station’s operating system to third parties, it was not a discharger liable for the clean-up and its property was not subject to a lien (see, Navigation Law § 172 [8]; § 181 [1]; see also, § 181-a [1] [a] [environmental lien may be filed upon property whose owner is a person liable under section 181]).
Dismissal of the petition was correct. A CPLR article 78 proceeding does not lie when another adequate remedy at law is available (see, CPLR 7801 [1]; Matter of Morgenthau v Roberts, 65 NY2d 749, 751; Matter of Campbell Painting Corp. v Reid, 48 Misc 2d 544, 545-546, affd 26 AD2d 992, affd 20 NY2d 370). Lien Law, article 3, § 59 gives petitioner a statutory remedy to effect the vacatur of the lien (see, Navigation Law § 181-d; see also, Matter of Selwyn Realty Corp., 184 App Div 355, 358, affd 224 NY 559). Additionally, in the State’s pending plenary civil action to recover clean-up costs, petitioner has the opportunity to dispute its classification as an entity liable for the discharge, a necessary predicate to validity of the lien. Thus, under the circumstances presented here, it cannot be said that petitioner lacks an alternative adequate remedy at law.
Thus, it is unnecessary to address the Appellate Division’s alternative ground for affirming dismissal of the petition, that petitioner’s ownership status was itself a sufficient basis upon which to impose liability for the clean-up costs of the petroleum discharge under Navigation Law § 181 (1).
Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur; Judge Rosenblatt taking no part.
Order affirmed, with costs, in a memorandum.