[709 NYS2d 704]

STATE OF NEW YORK, Respondent, v VANESSA GREEN et al., Defendants, and VILLAGE AT LAKESIDE, INC., Doing Business as LAKESIDE VILLAGE, Appellant.

Third Department, June 22, 2000

**APPEARANCES OF COUNSEL**

*Wichler & Gobetz, P. C.,* Suffern (*Kenneth C. Gobetz* of counsel), for appellant.

*Eliot Spitzer, Attorney General,* Albany (*Patrick Barnett-Mulligan* of counsel), for respondent.

**OPINION OF THE COURT**

MERCURE, J.

Defendant Village at Lakeside Inc. (hereinafter defendant) owns and operates a trailer park in Orange County. Plaintiff commenced this action pursuant to Navigation Law article 12 to recover clean-up costs resulting from an accidental discharge of petroleum from an above-ground tank owned by one of defendant's tenants, defendant Vanessa Green, and utilized by her for the storage of residential heating fuel. For the purpose of the present motion by defendant and cross motion by plaintiff for summary judgment, plaintiff's claim of liability against defendant is based solely upon defendant's ownership of the property upon which the discharge occurred—plaintiff makes no claim and proffers no evidence that defendant owned or in any way controlled the system from which the discharge occurred or that its act or omission caused or contributed to the discharge or the remediation expense resulting from it.

Relying upon our prior decisions in *State of New York v Tartan Oil Corp.* (219 AD2d 111) and *Matter of White v Regan* (171 AD2d 197, *lv denied* 79 NY2d 754) for the proposition that a defendant's mere ownership of the land upon which a discharge occurred will of itself expose that party to liability under Navigation Law § 181 (1), Supreme Court granted summary judgment in favor of plaintiff. For the reasons that follow, we conclude that summary judgment should have been instead granted in favor of defendant.

In *State of New York v New York Cent. Mut. Fire Ins. Co.* (147 AD2d 77), this Court was first faced with the question of whether the owner of residential property could be held liable under Navigation Law article 12 for a petroleum spill occurring on the premises, holding that "by virtue of *ownership and control of the heating system from which the fuel oil leaked*, the homeowner is strictly liable for the clean-up costs of the spill; proof of a wrongful act or omission is not required" (*id.*, at 79 [emphasis supplied]). Next, in *State of New York v Wisser Co.* (170 AD2d 918), we considered a claim of liability against the owner of a gasoline service station that had been leased and subleased to other entities and was apparently under the control of the lessee or sublessee at the time of the discharge. Our analysis focused on the issue of ownership of the underground petroleum storage tanks and, finding as a matter of law that the defendant had retained ownership, we upheld the imposition of liability against it as "the owner of a system from which a discharge occurred * * * regardless of a lack of proof

of any wrongful act or omission by such owner directly causing the discharge" (*id.*, at 919 [citation omitted]; *see, Domermuth Petroleum Equip. & Maintenance Corp. v Herzog & Hopkins*, 111 AD2d 957, 958-959).

Likewise, in *Matter of White v Regan* (*supra*) and *State of New York v Tartan Oil Corp.* (*supra*), we imposed liability against the current owners of leaking underground storage tanks, despite evidence that the discharges may have taken place before they took title to the property, based upon their ownership of the buried tanks. In *Matter of White v Regan* (*supra*, at 199-200), we noted that "[t]his court has consistently construed Navigation Law § 181 (1) so as to impose liability on the *owner of a system from which a discharge occurred*" (emphasis supplied). We therefore have no quarrel with the conclusion of the Fourth Department in *Drouin v Ridge Lbr.* (209 AD2d 957) that our decisions imposed liability not upon a landowner per se, but upon the owner of the system from which the discharge occurred (*id.*, at 958). Notably, the Court of Appeals has twice recognized but never passed on the question of whether "ownership status" is itself a sufficient basis for imposing liability under Navigation Law § 181 (1) (*Matter of Art-Tex Petroleum v New York State Dept. of Audit & Control*, 93 NY2d 830, 832; *see, White v Long*, 85 NY2d 564, 568).

Although our decision in *State of New York v Tartan Oil Corp.* (*supra*) made reference to ownership of the *property* upon which the discharge occurred (*id.*, at 114), we believe that our specific citation to *Matter of White v Regan* (*supra*), coupled with the undisputed unitary ownership of the underground storage tank and the property upon which it was located, should have made it clear that we were imposing liability on the basis of ownership of the storage tank and that no change in the law was intended. It nonetheless appears that our language may have caused some confusion. Notably, in *Matter of Art-Tex Petroleum v New York State Dept. of Audit & Control* (248 AD2d 901, *affd on other grounds* 93 NY2d 830, *supra*), this Court would have imposed liability under Navigation Law § 181 (1) based on the petitioner's mere ownership of the contaminated property (*id.*, at 902), despite evidence that it had transferred all control of the property as well as ownership of the tanks, pumps and remaining fixtures of the gasoline station's operating system (*Matter of Art-Tex Petroleum v New York State Dept. of Audit & Control*, 93 NY2d 830, 832, *supra*). It appears that Supreme Court made the same error in this case.

Nor does plaintiff offer any persuasive reason why we should adopt a rule imposing per se liability upon landowners. Certainly, no assistance is afforded by the Navigation Law, which merely imposes liability upon "any person who has discharged petroleum" (Navigation Law § 181 [1]). Resort to the analogous Federal Clean Water Act is also unavailing, for under that statutory scheme a truly innocent owner may avoid liability by establishing that the discharge was caused solely by the act or omission of a third party (33 USC § 1321 [f] [2] [D]; [g]; *see, Quaker State Corp. v United States Coast Guard*, 716 F Supp 201). We also note that under plaintiff's liability theory, a landowner would be held responsible for clean-up costs resulting from an oil truck leaving an adjoining highway and overturning on the landowner's property, hardly a logical or appropriate result.

We reiterate our position that Navigation Law § 181 (1) imposes liability upon the owner of the *system* from which a discharge occurred, regardless of fault. In those somewhat infrequent cases where there is no unity of ownership of the land and the system, there will be no corresponding per se landowner liability. Where, as here, the owner of the system from which the discharge occurred and the owner of the property on which the system is located are not the same, liability without regard to fault is properly imposed on the system owner. Further, although there are undoubtedly some valid circumstances supporting the imposition of liability against a landowner who does not actually own the system from which the discharge occurred, none are present here. We therefore conclude that Supreme Court should have granted defendant's summary judgment motion and dismissed the complaint against it.

CARDONA, P. J., GRAFFEO, ROSE and LAHTINEN, JJ., concur.

Ordered that the order is reversed, on the law, with costs, motion by defendant Village at Lakeside Inc. granted, summary judgment awarded to said defendant and complaint dismissed against it.