Matter of Sibley v Steuben County Pistol Permit Clerk (2021 NY Slip Op 02913)





Matter of Sibley v Steuben County Pistol Permit Clerk


2021 NY Slip Op 02913


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, AND DEJOSEPH, JJ.


333 OP 20-00776

[*1]IN THE MATTER OF MONTGOMERY BLAIR SIBLEY, PETITIONER,
v
STEUBEN COUNTY PISTOL PERMIT CLERK, STEUBEN COUNTY SHERIFF'S OFFICE, LICENSING OFFICER CHAUNCEY J. WATCHES AND JOSEPH J. HAURYSKI, CHAIRMAN, STEUBEN COUNTY LEGISLATURE, RESPONDENTS. 






MONTGOMERY BLAIR SIBLEY, PETITIONER PRO SE. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR RESPONDENT LICENSING OFFICER CHAUNCEY J. WATCHES. 


 Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to compel respondents to disclose certain records, and to disqualify respondent Licensing Officer Chauncey J. Watches from adjudicating petitioner's pistol license application. 
It is hereby ORDERED that said petition is unanimously dismissed without costs.
Memorandum: Petitioner commenced this original CPLR article 78 proceeding seeking an order directing respondents to produce, inter alia, documents under the Freedom of Information Law ([FOIL] Public Officers Law article 6) with respect to all pistol license applications and files from Steuben County for the years 2016 to 2019, and to disqualify respondent Chauncey J. Watches, as licensing officer, from considering and adjudicating petitioner's pistol license application. On September 17, 2020, we, inter alia, granted the motion of respondents Steuben County Pistol Permit Clerk, Steuben County Sheriff's Office and Joseph J. Hauryski as Chairman, Steuben County Legislature, to dismiss the petition as against them on the ground of res judicata (Matter of Sibley v Steuben County Pistol Permit Clerk, 2020 NY Slip Op 72120[U] [4th Dept 2020]). Watches is the only respondent who remains in this proceeding.
We agree with Watches that the proceeding should be dismissed in its entirety. It is well settled that "[a] CPLR article 78 proceeding may not be used to seek review of issues that could have been raised on direct appeal" (Matter of Estate of Rappaport v Riordan, 66 AD3d 1018, 1018 [2d Dept 2009]; see Matter of Wisniewski v Michalski, 114 AD3d 1188, 1188-1189 [4th Dept 2014]; Matter of Aarismaa v Bender, 108 AD3d 1203, 1204 [4th Dept 2013]). Such a petition should be dismissed even where, as here, the petitioner is challenging "the denial of a . . . request that a judge recuse himself or herself from presiding over a matter" (Matter of Concord Assoc., L.P. v LaBuda, 121 AD3d 1270, 1271 [3d Dept 2014]).
Here, petitioner's contentions are primarily challenges to an order and judgment of Supreme Court that resolved a different CPLR article 78 proceeding related to petitioner's FOIL requests with respect to respondents. Petitioner's remedy was to appeal from the order and judgment denying his petition regarding those FOIL requests, not to commence a separate original proceeding as a means of collaterally attacking the order and judgment (see generally Matter of Art-Tex Petroleum v New York State Dept. of Audit & Control, 93 NY2d 830, 832 [1999]; Aarismaa, 108 AD3d at 1204).
Moreover, to the extent that, separate from the article 78 proceeding regarding the FOIL requests, petitioner seeks to have us disqualify Watches from considering petitioner's pistol license application, we conclude that petitioner's contention is moot because Watches has issued a final determination of that application (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714 [1980]).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court