Matter of Carville v Clark
2026 NY Slip Op 03576
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF TODD C. CARVILLE, AS DISTRICT ATTORNEY OF COUNTY OF ONEIDA, PETITIONER,
v
HON. BERNADETTE T. CLARK, AS JUSTICE OF THE SUPREME COURT OF NEW YORK, AND KAITLYN CONLEY, RESPONDENTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
378 OP 25-01388
Present: Lindley, J.P., Curran, Ogden, Greenwood, And Delconte, JJ.

TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR RESPONDENT HON. BERNADETTE T. CLARK, AS JUSTICE OF THE SUPREME COURT OF NEW YORK.
CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR RESPONDENT KAITLYN CONLEY.

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) seeking judicial review of an order issued by respondent Justice Bernadette T. Clark, Supreme Court, Oneida County, dated June 12, 2025. The order, among other things, directed the Oneida County District Attorney's Office to cease and desist from any further re-presentment of sealed evidence to the grand jury and refused to unseal the record to allow for re-presentment of the appropriate charges to the grand jury.
[*1]
It is hereby ORDERED that the petition is unanimously dismissed without costs.
Memorandum: Petitioner commenced this original CPLR article 78 proceeding seeking a writ of prohibition barring respondents from enforcing an order that, inter alia, denied the application of the Oneida County Sheriff's Office pursuant to CPL 160.50 (1) to unseal the record of a criminal action terminated in favor of respondent Kaitlyn Conley (see generally People v Conley, 234 AD3d 1363 [4th Dept 2025]). We conclude that the petition must be dismissed.
Applications to unseal a record of a terminated criminal action are civil in nature (see Matter of Katherine B. v Cataldo, 5 NY3d 196, 201 n 1 [2005]; Matter of Hynes v Karassik, 47 NY2d 659, 661 n 1 [1979], rearg denied 48 NY2d 656 [1979]; People v M.E., 121 AD3d 157, 159 [4th Dept 2014]), and an article 78 proceeding may not be brought "to challenge a determination . . . which was made in a civil action
. . . unless it is an order summarily punishing a contempt committed in the presence of the court" (CPLR 7801 [2]; see Matter of Gench v Manchester Realty Assoc., 106 AD3d 735, 736 [2d Dept 2013]; Matter of Kearse v Coughlin, 151 AD2d 760, 760 [2d Dept 1989], lv denied 74 NY2d 614 [1989]; see generally Matter of Sibley v Steuben County Pistol Permit Clerk, 194 AD3d 1393, 1393 [4th Dept 2021]).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court