■ RAY DROUIN et al., Respondents-Appellants, v RIDGE LUMBER, INC., Appellant-Respondent. [619 NYS2d 433] —Order and judgment unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: This is an action by plaintiffs to recover for damages to their real property, together with all cleanup and removal costs incurred by plaintiffs, allegedly caused by the leaking of gasoline from an underground storage tank installed and operated exclusively by defendant, a long-term tenant on the property. Plaintiffs seek declaratory and monetary relief under Navigation Law article 12, known as the Oil Spill Law, and damages for trespass and private and public nuisance. Defendant appeals from the order and

judgment insofar as it granted plaintiffs' motion for partial summary judgment declaring and holding defendant liable under the Navigation Law for all cleanup and removal costs and other damages. Plaintiffs cross-appeal from the same order and judgment insofar as it granted in part defendant's cross motion and dismissed the third and fourth causes of action alleging trespass and nuisance.

Plaintiffs were properly granted summary judgment declaring and holding defendant liable under the Navigation Law for all cleanup and removal costs and other damages resulting from defendant's discharge of gasoline. There is no merit to defendant's allegation that plaintiffs owned the tank. The record establishes that the tank, once abandoned by Webaco, became a trade fixture owned by defendant, and that defendant was in exclusive possession, control, use, and operation of the tank throughout its tenancy. Moreover, we reject defendant's contention that plaintiffs, merely by virtue of their status as landowners, are "dischargers" of gasoline precluded from pursuing any statutory claims against defendant.

The statutory scheme makes clear that liability as a "discharger" is based upon conduct, not status. Article 12 speaks in terms of imposition of liability upon "dischargers" or persons "responsible for the discharge" (Navigation Law § 172 [3]; § 181 [1], [5]; *see also,* Navigation Law §§ 175, 176 [1]; § 188; 17 NYCRR 32.3, 32.5). Discharge is defined, in turn, in terms of an "action or omission resulting in" a petroleum spill (Navigation Law § 172 [8]). Nothing in the statute could be construed as making a landowner responsible solely because it is a landowner. Further, defendant's interpretation would nullify the statutory language granting any "injured person" a right to recover all damages, "no matter by whom sustained" (Navigation Law § 172 [3]; § 181 [1], [5]).

In arguing to the contrary, defendant relies on several decisions of the Third Department *(see, Matter of White v Regan,* 171 AD2d 197, *lv denied* 79 NY2d 754; *State of New York v King Serv.,* 167 AD2d 777; *State of New York v New York Cent. Mut. Fire Ins. Co.,* 147 AD2d 77). In our view, those cases do not support defendant's interpretation that a landowner is a discharger and thus not entitled to proceed under the statute. Instead, those cases may be read as holding that, in appropriate circumstances, a landowner is prohibited from suing as a result of its own "status as a discharger," i.e., as owner "of the system from which the discharge occurred," not as landowner per se *(Busy Bee Food Stores v WCC Tank*

*Lining Technology,* 202 AD2d 898, 899, *lv dismissed* 83 NY2d 953; *Matter of White v Regan, supra,* at 200; *see, State of New York v Wisser Co.,* 170 AD2d 918, 919; *State of New York v King Serv., supra,* at 778-779; *State of New York v New York Cent. Mut. Fire Ins. Co., supra,* at 79). In any event, to the extent that those cases can be read as establishing landowner liability per se, they find no support in the statute and cannot be reconciled with other cases *(see, 145 Kisco Ave. Corp. v Dufner Enters.,* 198 AD2d 482; *State of New York v Wisser Co., supra,* at 919-920; *see also, Mendler v Federal Ins. Co.,* 159 Misc 2d 1099, 1105). Thus, plaintiffs were properly granted summary judgment declaring and holding defendant statutorily liable for all cleanup and removal costs and other damages *(see,* Navigation Law § 181 [1], [5]).

The third cause of action for trespass was properly dismissed. The record does not establish facts tending to show that defendant had the requisite willful intent to intrude upon plaintiffs' property *(see, Snyder v Jessie,* 164 AD2d 405, 412, *lv dismissed* 77 NY2d 940, citing *Phillips v Sun Oil Co.,* 307 NY 328; *see also, Kulpa v Stewart's Ice Cream,* 144 AD2d 205, 207).

Supreme Court erred, however, in dismissing in its entirety the fourth cause of action for private and public nuisance. We agree that plaintiffs cannot recover on a theory of public or private nuisance for defendant's alleged interference with plaintiffs' rights as remaindermen of the property leased to defendant *(see, Rose v Grumman Aerospace Corp.,* 196 AD2d 861, 862; *see also,* 81 NY Jur 2d, Nuisances, §§ 3, 23). Nevertheless, the court should not have dismissed plaintiffs' cause of action insofar as it alleged that the discharge had injurious effects beyond the leased property. Plaintiffs may maintain a cause of action for private nuisance in their status as owners and occupants of adjoining land allegedly contaminated by the gasoline spill *(see, Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564, 567, *rearg denied* 42 NY2d 1102; *cf., Reid v Kawasaki Motors Corp.,* 189 AD2d 954, 957). Further, plaintiffs may maintain a cause of action for public nuisance based on their status as members of the public, for defendant's alleged violation of interests and "rights common to all" *(Copart Indus. v Consolidated Edison Co., supra,* at 568). The fourth cause of action must therefore be reinstated insofar as it alleges private and public nuisance based upon contamination of surrounding land or infringement of rights common to all. (Appeals from Order and Judgment of Supreme Court,

Monroe County, Affronti, J.—Declaratory Judgment.) Present —Denman, P. J., Green, Fallon, Callahan and Boehm, JJ.