[620 NYS2d 867]

KENNETH W. HENNING et al., Appellants, v RANDO MACHINE CORPORATION et al., Respondents, et al., Defendants.

Fourth Department, December 23, 1994

**APPEARANCES OF COUNSEL**

*Bansbach, Zoghlin, Asandrov & Wicks, P. C.,* Rochester *(Mindy L. Zoghlin* of counsel), for appellants.

*Harris, Beach & Wilcox,* Rochester *(John W. Clarke* and *James H. Ferreira* of counsel), for respondents.

OPINION OF THE COURT

BOEHM, J.

Plaintiffs commenced this action seeking damages for diminution in the fair market value of their real property allegedly caused by contamination from hazardous substances that migrated from adjoining property. Supreme Court dismissed the action against defendants Alan Matthew Wilder, Kelly Elizabeth Wilder and Christopher Spaulding Wilder (the Wilder children), and dismissed the fourth cause of action against defendants Rando Machine Corporation (Rando), Patricia Calkins Wilder and Harlan D. Calkins, as trustees of three trusts for the benefit of the Wilder children, Michael L. Wilder and the Wilder children. The court also granted plaintiffs' cross motion to compel the production of a copy of the trust agreements. Plaintiffs appeal from so much of the order that granted defendants' motion. The order should be modified by reinstating the fourth cause of action against Rando, the trustees and Michael Wilder and otherwise should be affirmed.

I

Plaintiffs are the owners of 31 acres in Macedon, Wayne County, adjacent to a parcel of real property (the Rando property) owned by Michael L. Wilder, the president and chief operating officer of Rando Machine Corporation, and three trusts established for the benefit of his children. The trusts were originally established in 1982. Under the terms of each of the trusts, the beneficiary receives one quarter of the principal of the trust upon reaching the age of 25; one third of the then principal of the trust at age 30; one half of the then principal at age 35; and the balance of the principal at age 40.

Rando, the then owner of the Rando property, by deed dated December 26, 1985, transferred ownership of the Rando property to Michael Wilder and the three trusts. Michael Wilder received a 74.137% interest and each trust received an 8.621% interest. On December 27, 1985, the grantees leased to Rando the Rando property, where it manufactures nonwoven fabrics such as oil filters.

In 1986 Rando was identified as potentially responsible for contamination of the Village of Macedon's groundwater. Thereafter, the Rando property was classified on the New York State Registry of Inactive Hazardous Waste Disposal Sites as "Class 2", indicating that the property posed a significant threat to human health and/or the environment.

In January 1994 plaintiffs commenced this action against, *inter alia,* Rando, Michael Wilder, the trustees of the trusts and the Wilder children in their individual capacities. The verified complaint alleges causes of action for negligence, nuisance, trespass, strict liability under article 12 of the Navigation Law and strict liability based upon ultrahazardous activity. In their complaint, plaintiffs allege that "Rando and/ or the Wilders [Michael Wilder, the trusts and the Wilder children] disposed of Hazardous Substances" and "used or generated Hazardous Substances", and that "defendants caused Hazardous Substances to come onto the [plaintiffs'] Property."

Patricia Calkins Wilder and Harlan D. Calkins, as trustees of the trusts, Michael Wilder and the Wilder children sought dismissal of the complaint under CPLR 3211 (a) (7), for failure to state a cause of action, and Alan and Christopher Wilder also sought dismissal of the complaint under CPLR 3211 (a) (8), for lack of personal jurisdiction. Rando sought dismissal of the fourth cause of action brought under the Navigation Law for failure to state a cause of action. The court dismissed the complaint against the Wilder children in their individual capacities, and dismissed the fourth cause of action brought under the Navigation Law against the moving defendants.

## II

■ The contention of plaintiffs that Alan and Christopher Wilder, who reside in the States of Florida and Washington, respectively, are subject to long-arm jurisdiction under either CPLR 302 (a) (1) or (4) is without merit. There is no showing that the nondomiciliary Wilder children transacted any business in the State within the meaning of CPLR 302 (a) (1). Personal jurisdiction is obtained over a nondomiciliary under CPLR 302 (a) (1) only where the transaction of business is purposeful and where there is a relationship between the activity and the litigation *(Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467). Rent paid by Rando for its occupancy of the Rando property is not paid to the beneficiaries but to the trustees, who hold the income in the trusts for the benefit of the beneficiaries, the Wilder children. Further, there is no evidence that the Wilder children have ever acted in any purposeful manner with respect to the Rando property.

Nor may long-arm jurisdiction over the nondomiciliary Wilder children be obtained under CPLR 302 (a) (4). Plaintiffs

have presented no evidence that either of the nondomiciliary Wilder children "owns, uses or possesses any real property situated within the state" (CPLR 302 [a] [4]). As beneficiaries of an express trust, Alan and Christopher Wilder hold only an equitable claim to the trust property; legal title is vested entirely in the trustees (see generally, 106 NY Jur 2d, Trusts, §§ 7, 16). A mere beneficial interest in real property possessed by a beneficiary of a trust, as here, is too tenuous an interest to support personal jurisdiction over a nondomiciliary.

We do not consider the speculation of plaintiffs, raised for the first time on appeal, that the Wilder children may have reached an age entitling one or more of them to legal ownership of all or a part of the corpus of the trust, and similarly disregard the other speculations regarding the trusts that plaintiffs attempt to raise (see, Stilo v County of Nassau, 122 AD2d 41, 45; Pietropaoli Trucking v Nationwide Mut. Ins. Co., 100 AD2d 680, 681).

## III

■ The court properly dismissed the complaint against the Wilder children as the trust beneficiaries for failure to state a cause of action against them as proper parties (see, CPLR 3211 [a] [7]). The trustees, rather than the beneficiaries of the trusts, are vested with legal title to the Rando property and are the real parties in interest; therefore, they, rather than the beneficiaries, are the appropriate defendants (see, Siegel, NY Prac § 69 [e] [2d ed]; 3 Carmody-Wait 2d, NY Prac §§ 19:40, 19:22 [1965 ed]; 3A Fratcher, Scott on Trusts § 277 [4th ed 1988]).

## IV

■ The court erred, however, in dismissing plaintiffs' cause of action based upon a violation of Navigation Law § 181 (5). On a motion to dismiss for failure to state a cause of action, the allegations in a complaint are deemed to be true and are given the benefit of every possible favorable inference (Rovello v Orofino Realty Co., 40 NY2d 633, 634). The complaint alleges that the Henning property is contaminated with chemical compounds; that Rando used, generated and disposed of hazardous substances; and that defendants caused hazardous substances to come onto plaintiffs' property. The affidavit of plaintiffs' expert, which may be considered on a motion to dismiss (see, Rovello v Orofino Realty Co., supra, at 635),

defines the hazardous substances on plaintiffs' property as "hydrocarbons which are commonly associated with petroleum wastes."

Navigation Law § 181 (1) provides that "[a]ny person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages, no matter by whom sustained, as defined in this section." "Petroleum" is defined very broadly in Navigation Law § 172 (15) as "oil or petroleum of any kind and in any form including, but not limited to, oil, petroleum * * * oil refuse."

The terminology used in the Navigation Law should be given a broad and liberal construction. "This article, being necessary for the general health, safety, and welfare of the people of this state, shall be liberally construed to effect its purposes" (Navigation Law § 195; see, 145 Kisco Ave. Corp. v Dufner Enters., 198 AD2d 482, 483). The language in the affidavit of plaintiff's expert defining the nature of the hazardous substances, "hydrocarbons which are commonly associated with petroleum waste", broadly construed, cannot be distinguished from "oil refuse" (see, Random House Dictionary of English Language, at 2146 [2d ed 1987] [defining "waste" as "anything left over or superfluous, as excess material or by-products * * * garbage, refuse"]). Thus, plaintiffs have adequately stated a cause of action under the Navigation Law.

Accordingly, the order of Supreme Court should be modified by reinstating the fourth cause of action against Rando, the trustees and Michael Wilder.

PINE, J. P., LAWTON, FALLON and DAVIS, JJ., concur.

Order unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with the opinion by BOEHM, J.