OPINION OF THE COURT
Larry M. Himelein, J.
*880 In January 1992, a lease was entered into between Richardson Petroleum Corporation and Eldyn and Mary Smith. Pursuant to this lease, the Smiths, owners of 75 acres of land in Allegany County, permitted Richardson to develop gas and oil from the land in return for royalties from the development.
Subsequently, in November 1992, a new agreement was effected whereby various parties were assigned specific portions of the lease and were designated as "operators” or "non-operators” with the "operators” having exclusive charge over the gas and oil operations. Defendant Edward Walchli’s mother, Marion, was a 10% owner of this lease, albeit as a "non-operator”. Upon her death, defendant appears to have inherited a 4.4% interest in the lease.* On June 13, 1989, Richardson assigned its interest in the lease to John W. Walchli, Jr., doing business as Independence Environmental Resources.
On or about May 25, 1994, plaintiffs’ cows were grazing on the Smith property when they allegedly ingested oil that had spilled from a storage tank operated by the company. Plaintiffs suffered serious financial damages and brought this suit alleging both negligence and strict liability under Navigation Law § 181. Defendant, Edward Walchli, has moved to dismiss on three grounds: (1) lack of jurisdiction under CPLR 302; (2) failure to allege injury or a wrongful action; and (3) defendant’s claim that he is not a "discharger”.
JURISDICTIONAL CLAIM
The parties agree that CPLR 302 (a) (1) confers personal jurisdiction over a nondomiciliary only when the transaction is purposeful and there is a relationship between the activity and the litigation (Kreutter v McFadden Oil Corp., 71 NY2d 460). The latter is simple; there is clearly a relationship between oil and gas extraction and the lawsuit seeking damages from an oil leak. It is the first prong where the parties disagree: whether defendant engaged in any purposeful activity in New York. Defendant contends that the Fourth Department holds that personal jurisdiction is not acquired over out-of-State residents who merely possess a beneficial interest in property in New York (see, Henning v Rando Mach. Corp., 207 AD2d 106). Plaintiffs disagree.
*881 In Henning (supra), three nondomiciliary siblings were beneficiaries of a trust that leased property to a manufacturer that was claimed to have discharged petroleum. The Fourth Department held that the beneficiaries of the trust were not subject to long-arm jurisdiction; the Court noted that rent for the property was not paid to the beneficiaries but to the trustees. Since there was no evidence that the beneficiaries ever acted in any purposeful manner with respect to this property, there was no jurisdiction under CPLR 302 (a) (1). Moreover, there was no jurisdiction under CPLR 302 (a) (4) because the beneficiaries held only an equitable claim to trust property while legal title was vested in the trustees. A beneficial interest in real property, possessed by the beneficiary of a trust, was deemed too tenuous an interest to support long-arm jurisdiction.
Henning (supra), however, is not precisely the fact pattern here. Defendant is not the beneficiary of a trust over which he has no control. Defendant owns 4.4% of a gas and oil lease and receives royalties from the extraction. Moreover, unlike Henning, where the beneficiaries of the trust had no say in the trustees’ activity, here defendant is entitled to quarterly financial statements; must consent to the surrender or abandonment of the lease; has access to the entire premises; has the right to all records related to the operation; and can direct the operators to make available samples and cuttings from wells that are drilled. The question thus becomes whether Henning applies to this case, where defendant has some rights with respect to the drilling or is limited to its own facts, i.e., where the beneficiaries of a trust have no say in the trust.
What this court finds persuasive are the rights defendant has with respect to the oil and gas operations, notwithstanding that he may not have exercised those rights. Defendant must affirmatively consent to the surrender or abandonment of the lease; that is considerably more than a passive interest. Further, defendant’s other rights with respect to the drilling, such as access to the premises, samples and all records, seem sufficient to bring defendant within the reach of New York’s long-arm jurisdiction.
CLAIM THAT DEFENDANT IS NOT A DISCHARGER
In Drouin v Ridge Lbr. (209 AD2d 957), the Fourth Department held that a landowner who plays no role in the discharge of oil was not a "discharger” under the Navigation Law. However, the facts in Drouin are significantly different from those here. In Drouin, an underground gasoline tank *882 installed and operated by the defendant tenant leaked onto plaintiff landlords’ land. The defendant argued that plaintiffs, who were the injured parties, were "dischargers” simply because they owned the property. The Fourth Department rejected that claim.
This court does not believe Drouin (supra) is applicable to the facts here. The defendants are not being sued because they own the property; they are being sued because their company allegedly discharged oil. Moreover, defendants do not in fact own the property; they lease it for the purpose of conducting oil and gas operations. Thus, it does not appear that Drouin is at all on point.
ALLEGED INSUFFICIENCY OF THE COMPLAINT
While the complaint is not a modicum of clarity, it appears to allege injury to cattle from an oil or gasoline storage facility. Moreover, CPLR 3025 mandates that leave to amend be freely given and plaintiffs may wish to amend to clarify what is alleged to have occurred. Further, defendant’s contention that his defense, which is allegedly founded upon documentary evidence, mandates dismissal is rejected. This claim essentially restates defendant’s initial argument that he has no control over the oil and gas operations.
CONCLUSION
Defendants’ motion to dismiss the complaint is denied in its entirety.

 It is unclear if defendant claims a 4.4% interest in the lease or only 4.4% of his mother’s 10% interest, which would be less than 1/2 of 1% (compare, defendant’s mem of law, Mar. 6,1996, at 3, with affidavit of Edward J. Walchli, verified Feb. 27, 1996, 7). This court is assuming that defendant has a 4.4% interest in the entire lease.