OPINION OF THE COURT
Thomas A. Stander, J.
The defendants, American Film Technologies, Inc., Gerald Wetzler, Larry King, Harvey Finkel, Daniel A. Schwartz, Eric *280 Illowsky, Robert Frome and Leonard White, submit a motion seeking an order dismissing the complaint pursuant to CPLR 3211, on the ground that the complaint fails to state a cause of action. In addition, defendants Frome and White seek dismissal based upon not being Board members during the relevant times at issue; and defendant Finkel seeks dismissal based upon lack of personal jurisdiction. The plaintiffs action is a shareholder’s derivative action.
DIRECTORS FROME AND WHITE
The plaintiff has discontinued the action without prejudice as against defendants Frome and White. These two directors were elected to the Board of Directors of the corporation at the October 27, 1997 Board meeting. They did not attend, participate or vote at the October 27, 1997 Board meeting or any prior Board meeting. Defendants Frome and White were not directors of the corporation during the time periods relevant to this action and did not participate in approving the transactions being challenged by the plaintiff in this lawsuit.
The defendants’, Frome and White, motion to dismiss the complaint is granted.
DIRECTOR FINKEL
The defendant, Harvey Finkel, submits a jurisdictional basis for dismissal of the complaint. Finkel asserts that this court does not have jurisdiction of his person because he is a resident of the State of California with no ties to the State of New York. He does not own or use real property in New York, does not transact business in New York State, does not supply goods or services in New York, and has not appeared in New York on the business of American Film.
The plaintiff concedes he is presently unaware of any particular contacts that Finkel may have with the State of New York. Plaintiff then asserts he is entitled to conduct discovery.
The plaintiff has failed to establish that this court has personal jurisdiction over Harvey Finkel. The motion to dismiss the complaint against Harvey Finkel, personally, based upon lack of jurisdiction is granted.
MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION
The cause of action stated in the complaint against the defendants claims damages to the corporation, American Film, because the new options to purchase shares granted to Wetzler will potentially impair the value of the company’s stock and *281 provide significant advantage to the company’s chairman and chief executive officer. Also the complaint states a cause of action based upon American Film issuing convertible notes and granting senior secured position to defendant, Wetzler, providing a financial benefit to Wetzler, which is not in the best interests of the corporation.
This is a motion to dismiss under CPLR 3211. The generally accepted principle of law in New York on a motion to dismiss for failure to state a cause of action is that the factual allegations in the pleading must be accepted as true and be given every possible favorable inference. (Campaign for Fiscal Equity v State of New York, 86 NY2d 307, 318; see also, Henning v Rando Mach. Corp., 207 AD2d 106, 110 [4th Dept 1994] [“On a motion to dismiss for failure to state a cause of action, the allegations in a complaint are deemed to be true and are given the benefit of every possible favorable inference”]; Niagara Mohawk Power Corp. v Ferranti-Packard Transformers, 201 AD2d 902 [4th Dept 1994]; Montrallo v Fritz, 176 AD2d 1215 [4th Dept 1991].) Plaintiff’s complaint must be examined in accordance with this well-established principle.
The applicable procedural law is that of New York law. However, because the corporation is incorporated in the State of Delaware, the relevant substantive law to be applied in this shareholder’s derivative suit is the law of Delaware. The defendants assert that the plaintiff has failed to comply with the requirements under Delaware law for commencing a shareholder’s derivative suit.
The Delaware Chancery Court Rules set forth the requirement of a demand to a Board of Directors before a shareholder’s derivative action may be commenced. “In a derivative action brought by 1 or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall allege that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains or that the plaintiff’s share or membership thereafter devolved on the plaintiff by operation of law. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and the reasons for the plaintiff’s failure to obtain the action or for not making the effort.” (Del Ch Ct Rules, rule 23.1.) This rule requires the plaintiff to set forth allegations, with particularity, of the efforts to obtain the desired *282 action and the reasons for plaintiffs failure to obtain the action by the Board, or for not making the demand. The Delaware Supreme Court interpreted this rule and developed a two-prong test for determining the futility of a demand by a shareholder. This test is set forth in the leading Delaware case, Aronson v Lewis (473 A2d 805 [Del Sup Ct 1984]). The criteria are that the court “in the proper exercise of its discretion must decide whether, under the particularized facts alleged, a reasonable doubt is created that: (1) the directors are disinterested and independent and (2) the challenged transaction was otherwise the product of a valid exercise of business judgment.” (Aronson v Lewis, at 814.) The plaintiff asserts that demand on the Board of Directors was not necessary because such demand would be futile. As delineated by the Supreme Court of Delaware, the court is required to make two inquiries.
(1) Disinterested and Independent Directors
The first inquiry is into the independence and disinterestedness of the directors. In the instant case the plaintiff has failed to allege particularized facts showing a reasonable doubt that the directors are disinterested and independent. Although there are factual allegations that show Wetzel may be interested, there is nothing to raise a reasonable doubt as to the disinterestedness and the independence of the remaining directors. The remaining directors are outside directors. There are no allegations that a majority of the outside directors received personal gain from the challenged transactions. In fact, two of the current Board members at the time this action was commenced, were not even members of the Board during the time of the alleged wrongdoing.
The plaintiff asserts that futility is demonstrated by the directors participating and acquiescing in the underlying wrong of approving the challenged transactions, and by the outside directors being “essentially under the direction and control of defendant Wetzler [the interested director], and specifically with respect to the transactions alleged herein.” (Complaint of plaintiff 1] 34.) The Delaware Supreme Court states “that in the demand-futile context a plaintiff charging domination and control of one or more directors must allege particularized facts manifesting ea direction of corporate conduct in such a way as to comport with the wishes or interests of the corporation (or persons) doing the controlling.’ [Citation omitted.] The shorthand shibboleth of ‘dominated and controlled directors’ is insufficient.” (Aronson v Lewis, supra, at 816; see, Levine v Smith, 591 A2d 194, 205 [Del Sup Ct 1991].)
*283 In the instant case the complaint of the plaintiff, and the affidavits submitted in opposition to this motion, fail to “factually particularize [ ] any circumstances of control and domination to overcome the presumption of board independence, and thus render the demand futile.” (Aronson v Lewis, supra, at 817.) There is no proof creating a reasonable doubt as to the disinterestedness and independence of the outside directors.
(2) Valid Exercise of Business Judgment
The second inquiry is whether the actions were the product of a valid exercise of business judgment. The court must make inquiry “into the substantive nature of the challenged transaction and the board’s approval thereof.” (Aronson v Lewis, supra, at 814.) The trial level court “in the exercise of its sound discretion must be satisfied that a plaintiff has alleged facts with particularity which, taken as true, support a reasonable doubt that the challenged transaction was the product of a valid exercise of business judgment. Only in that context is demand excused.” (Aronson v Lewis, supra, at 815.) Subsequent to the Aronson decision, the Supreme Court of the State of Delaware again addressed the issue of rebutting the presumption that the challenged transaction was the product of a valid exercise of business judgment. “[T]he business judgment rule is ‘a presumption that in making a business decision, not involving self-interest, the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.’ [Citations omitted.] If a board’s decision can be ‘attributed to any rational business purpose’ [citation omitted], a court will not substitute its judgment for that of a board. When the challenged transaction is approved by a board, the majority of whom are outside, nonmanagement directors, ‘a heavy burden falls on [plaintiffs] to avoid presuit demand.’ [Citation omitted.]” (Levine v Smith, supra, at 207.)
This court has reviewed the complaint and all the affidavits and exhibits submitted in support and in opposition to this motion. The plaintiff has failed to allege particularized facts which create a reasonable doubt that the transactions complained of, consisting of the grant of options and the issuance of convertible notes and a security interest to Wetzler, were the product of a valid exercise of business judgment. (See, Aronson v Lewis, supra, at 815-817; Levine v Smith, supra, at 206.) The Board of Directors’ decisions can be attributed to a rational business purpose.
*284 Based upon these determinations, the plaintiff has not established the futility of a demand as required under Delaware Chancery Court Rules, rule 23.1 and the cited case law. This action must be dismissed for failure to comply with the statutory demand requirement for the commencement of a shareholder’s derivative action.
The defendants’ motion to dismiss pursuant to CPLR 3211 is granted.