(August 21, 2006)

■ 245 East 19th Street Associates, LLC, Respondent, v Andrew Mayer et al., Defendants, and Edward D. Korn, Individually and as Trustee under the Will of Robert Korn, Deceased, et al., Appellants. 245 East 19th Street Associates, LLC, Respondent, v Andrew Mayer et al., Defendants, Edward D. Korn, Individually and as Trustee under the Will of Robert Korn, Deceased, and as Executor of Edith Korn, Deceased, Appellant-Respondent, and Harper Management Co., LLC, Respondent-Appellant. [820 NYS2d 568]—Appeals by Edward D. Korn and William A. Korn from an interim order, Supreme Court, New York County (Carol R. Edmead, J.), entered October 3, 2005, and from an order and judgment (one paper), same court and Justice, entered or about October 14, 2005, which to the extent appealed from (1) granted plaintiff's motion for summary judgment on its first cause of action and ordered, declared and adjudged, inter alia, that (i) in accordance with paragraph sixteenth (a) of the tenancy in common (TIC) agreement, 66²/₃% or more of the tenants in common holding an interest in the property at issue have elected to sell the property, and Edward D. Korn and William A. Korn were to execute any and all documents necessary to complete the sale; (ii) in the event Edward D. Korn and William A. Korn refused to execute any necessary documents, they would be deemed to have executed any and all such documents; and (iii) Edward D. Korn and William A. Korn were enjoined from interfering with the sale of the property and from initiating an arbitration unauthorized by other members of the TIC; and (2) denied Edward D. Korn's motion for summary judgment on his first counterclaim, unanimously withdrawn. Said order and order and judgment (one paper), to the extent appealed from by Robert B. Korn, which (1) granted plaintiff's motion for summary judgment on its first cause of action and ordered, declared and adjudged, inter alia, that (i) in accordance with paragraph sixteenth (a) of the TIC agreement, 66²/₃% or more of the tenants in common holding an interest in the property at issue have elected to sell the property, and Robert B. Korn was to execute any and all documents necessary to complete the sale; (ii) in the event Robert B. Korn refused to execute any necessary documents, he would be deemed to have executed any and all such documents;

and (iii) Robert B. Korn was enjoined from interfering with the sale of the property and from initiating an arbitration unauthorized by other members of the TIC, unanimously reversed, on the law, without costs, those portions of the order and order and judgment (one paper) vacated, the stay issued by this Court on November 5, 2005 vacated, and it is declared that Robert B. Korn does not have legal capacity to execute documents necessary to complete the sale, and the complaint otherwise dismissed as against him. Appeals from order, same court and Justice, entered October 7, 2005, which denied defendant Harper Management's motion for a protective order as well as defendant Edward D. Korn's cross motion to compel discovery, unanimously withdrawn.

Pursuant to a stipulation with plaintiff 245 East 19th Street Associates, LLC, settling their dispute, Edward D. Korn, William A. Korn and Harper Management Co., LLC, have stipulated to withdraw their appeals from the subject orders.

Defendant-appellant Robert B. Korn has no legal interest in the TIC; he is merely a potential beneficiary of two unsettled estates and related trusts (*see McLaughlin v McLaughlin*, 155 AD2d 418 [1989]). Accordingly, he is not a proper party to this action (*see Henning v Rando Mach. Corp.*, 207 AD2d 106, 110 [1994]), and his execution of documents needed to complete the sale of the subject property is unnecessary. Concur—Saxe, J.P., Gonzalez, Catterson, McGuire and Malone, JJ.