Connon, Richard F., J.

INTRODUCTION

The plaintiff, Shirley Smith (“Shirley”), filed this action against the defendants, Richard Aiken (“Richard”), Andrew Aiken (“Andrew”) and Khooshe Aiken (“Khooshe”) seeking legal and equitable relief from the defendants’ alleged interference with her beneficial interest in a land trust. The matter is before the court on Khooshe’s motion to dismiss. For the following reasons, the motion is ALLOWED.

BACKGROUND

The following is a summary of the allegations contained in the complaint and any exhibits attached thereto which, for purposes of this motion, the court must accept as true. Since 1988, Shirley and Richard *560 have cohabitated as partners in his Truro, Massachusetts home. Richard owned and operated a gas station in which Shirley assisted. Apart from her involvement with the gas station, Shirley also provided household services for the couple. In recognition of her contributions and in apprehension of the possibility that he may predecease her, Richard created a revocable trust on June 15, 2002 to which Shirley was a beneficiary.
Richard has a son Andrew who, together with wife Khooshe and their children, reside in Florida. Andrew and Khooshe have a strained relationship with Shirley and disagreed with Richard’s decision to provide for her. As such, they invited Richard to Florida in November 2005 with the intention of persuading him to execute an irrevocable trust that a Florida attorney had drafted for them. Essentially, Andrew and Khooshe had Richard transfer the entire corpus of the revocable trust into the new irrevocable trust, thereby completely curtailing any of Shirley’s beneficial interest.
Richard executed the irrevocable trust in Boston on February 15, 2006. This trust gives Andrew a beneficial life estate over the trust assets if Andrew survives Richard. Khooshe has a contingent beneficial interest in the trust corpus that she is to enjoy during her lifetime if she survives both Richard and Andrew and if at Andrew’s death she is married to and lives with him.
On March 28, 2008, Shirley filed a ten-count complaint against the defendants. The complaint charges Khooshe with undue influence, coercion and intentional interference with advantageous relationship. Khooshe filed a motion to dismiss contesting jurisdiction.

DISCUSSION

I. Standard of Review

In confronting a motion to dismiss for lack of personal jurisdiction under Mass.R.Civ.P. 12(b)(2), the plaintiff bears the burden of proving sufficient facts to support an exercise of jurisdiction. Droukas v. Drivers Training Acad., 375 Mass. 149, 151 (1978). The court takes the pleaded allegations in the complaint as true and makes all reasonable inferences in favor of the plaintiff. General Motors Acceptance Corp. v. Abington Cas. Ins. Cor., 413 Mass. 583, 584 (1992). When determining whether jurisdiction exists, the court recognizes that each case turns upon its own unique facts. Good Hope Indus., Inc. v. Ryder Scott, 378 Mass. 1, 2 (1979).

II. Personal Jurisdiction

A personal jurisdiction inquiry presents a two-fold task. Good Hope Indus., Inc., 378 Mass, at 5-6. First, the court must find whether it can exercise jurisdiction over Khooshe under the Massachusetts Longarm Statute. Id. Then, the court must assess whether the exercise of jurisdiction comports with due process. Id.
The Longarm Statute allows the courts to assert jurisdiction to the extent permitted by the Constitution. 'Automatic’ Sprinkler Corp. of Am. v. Seneca Food Corp., 361 Mass. 441, 443 (1972). More specifically, this court may exercise personal jurisdiction over a nonresident defendant if he has caused “tortious injury by an act or omission in [Massachusetts].” G.L.c. 223A, §3(c). Jurisdiction is also proper if the defendant has caused “tortious injury in [Massachusetts] by an act or omission outside [of Massachusetts] if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in [Massachusetts].” Id. at §3(d). Finally, this court has personal jurisdiction over any nonresident “having an interest in, using or possessing real property in [Massachusetts].” Id. at 3(e).
This court finds that the Longarm Statute doesn’t confer jurisdiction over Khooshe Aiken. First, Khooshe committed her alleged undue influence and coercion in Florida. G.L.c. 223A, §3(c). Second, the evidence doesn’t show that Khooshe “regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used, or consumed or services rendered in [Massachusetts].” G.L.c. 223A, §3(d).
Finally, Khooshe’s contingent beneficial interest in the irrevocable trust is not a sufficient property interest on which this court can base its jurisdiction. Henning v. Rondo Mach. Corp., 207 A.D.2d 106, 110 (N.Y.App. Div. 1994) (holding “mere beneficial interest in real properly possessed by a beneficiary of a trust ... is too tenuous an interest to support personal jurisdiction over a nondomiciliary”). Presently, Khooshe may neither use nor possess any of the realty in Richard’s irrevocable trust. G.L.c. 223A, §3(e). More importantly, as a beneficiary, Khooshe only has an equitable interest, while the trustee owns legal title. See Welch v. Boston, 221 Mass. 155, 157 (1915) (describing splitting of title between beneficiary and trustee as trust law fundamental); see also Klein v. La Salle Nat’l Bank, 155 Ill.2d 201, 207 (Ill. 1993) (noting land trust beneficiaries don’t “own the realty in any conventional sense ... Their interest is personal property”).
Having concluded that the Massachusetts Longarm Statute doesn’t extend over Khooshe, the court need not address the constitutional component of the analysis. Therefore, Khooshe’s motion to dismiss is allowed because the court has no personal jurisdiction over her.

ORDER

For the foregoing reasons, it is hereby ORDERED that Khooshe Aiken’s motion to dismiss be ALLOWED.